# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JEFF LAWRENCE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:18-cv-00484-SGC |
| ADVANCE AUTO PARTS, INC., | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**[1]

This is an employment discrimination case brought by Jeff Lawrence (the "plaintiff") against Advance Auto Parts, Inc. (the "defendant"). Pending before the undersigned is an unopposed motion for summary judgment filed by the defendant. (Doc. 22). For the reasons discussed below, the motion is due to be granted, and this action is due to be dismissed with prejudice.

**I. Summary Judgment Facts**[2]

The plaintiff, who is Black, was employed by the defendant as a Retail Parts Pro. (Doc. 23 at p. 4, ¶¶ 1-2). In or around May 2017, the defendant investigated an ethics complaint made against the plaintiff. (*Id.* at p. 5, ¶¶ 7-8). At the conclusion of the investigation, Rhett Beyer, a Regional Human Resources Manager for the

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 12).
[2] The following facts are undisputed, unless otherwise noted.

defendant, made the decision to terminate the plaintiff's employment. (*Id.* at p. 6, ¶ 15).

After exhausting his administrative remedies, the plaintiff commenced this action, alleging he was terminated for opening a commercial account with the defendant for his automobile repair business and using that account to purchase automobile parts from the defendant at a discount, while Joey Collins, a similarly situated employee outside the plaintiff's protected class, was not terminated for the same conduct. (Doc. 1 at ¶¶ 9-11, 16-17, 24).[3] Relying on these allegations, the plaintiff claimed the defendant discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981. (*Id.* at ¶¶ 26-27).

Beyer testified he did not make the decision to terminate the plaintiff's employment simply because the plaintiff maintained a commercial account with the defendant but, rather, because the plaintiff violated the defendant's company policy prohibiting an employee from processing or ringing up his own transactions. (Doc. 23 at pp. 6-7, ¶¶ 16, 20). According to Beyer, the investigation prompted by the ethics complaint made against the plaintiff revealed the plaintiff had personally

---

[3] Although the plaintiff also identified Walt Byers in his complaint as a similarly situated employee outside his protected class who was treated more favorably (Doc. 1 at ¶¶ 16-17, 24), he implicitly concedes in his response to the defendant's motion for summary judgment that Byers is not a proper comparator (Doc. 25 at pp. 1-2).

processed or rung up approximately $55,000 worth of sales made to his automobile repair business. (*Id.* at pp. 5-6, ¶¶ 11-16). Moreover, Beyer testified that at the time he made the decision to terminate the plaintiff's employment, he was not aware Collins even had a commercial account with the defendant. (*Id.* at p. 8, ¶ 26). Collins himself testified he never personally processed or rung up any sales made to his business for which he maintained a commercial account with the defendant. (*Id.* at p. 8, ¶ 25).

In his response to the defendant's motion for summary judgment, the plaintiff does not necessarily concede he engaged in conduct materially different from the conduct in which Collins engaged. (Doc. 25 at p. 2). However, he does concede he has no evidence Beyer, the sole decisionmaker with respect to his termination, knew of any misconduct by Collins and that such lack of knowledge is fatal to his case. (*Id.*).

## II. Standard of Review

Under Rule 56 of the *Federal Rules of Civil Procedure*, "[t]he [district] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of informing the district court of the basis

for its motion and identifying those portions of the record the party believes demonstrate the absence of a genuine dispute as to a material fact. *Celotex Corp.*, 477 U.S. at 323. If the moving party carries its initial burden, the non-movant must go beyond the pleadings and come forward with evidence showing there is a genuine dispute as to a material fact for trial. *Id.* at 324.

The substantive law identifies which facts are material and which are irrelevant. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.* at 248. If the evidence is merely colorable or not significantly probative, summary judgment is appropriate. *Id.* at 249-50 (internal citations omitted). All reasonable doubts about the facts should be resolved in favor of the non-movant, and all justifiable inferences should be drawn in the non-movant's favor. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d at 1099, 1101 (11th Cir. 2004). A district court does this by ensuring the motion is supported by evidentiary materials and that the standard for granting summary judgment is otherwise satisfied. *Id.* at 1101-02.

## III. Discussion

Title VII and § 1981 prohibit race-based employment discrimination. 42 U.S.C. §§ 1981, 2000e-2(a)(1); *Ferrill v. Parker Grp., Inc.*, 168 F.3d 468, 472 (11th Cir. 1999) ("Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts."). Moreover, the elements of race-based employment discrimination claims brought under Title VII and § 1981 are the same. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). Accordingly, the Eleventh Circuit "has routinely and systematically grouped Title VII and § 1981 claims for analytic purposes." *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010); *see also Standard*, 161 F.3d at 1330-33 (analyzing race discrimination claims brought under Title VII and § 1981 together); *Melton v. Nat'l Dairy LLC*, 705 F. Supp. 2d 1303, 1315 (M.D. Ala. 2010) (using Title VII cases and § 1981 cases interchangeably).

The plaintiff's complaint is properly construed as asserting a claim of race-based disparate treatment involving a tangible employment action. Moreover, the parties' briefing of the pending motion makes clear they agree the claim should be evaluated using the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, a plaintiff establishes a *prima facie* case by showing (1) he belongs to a protected class, (2) he was subjected to an adverse employment action, (3) his employer treated

a similarly situated employee outside his protected class (a "comparator") more favorably, and (4) he was qualified to do the job. *Burke-Fowler v. Orange Cty., Florida*, 447 F.3d 1319, 1323 (11th Cir. 2006).[4]

A comparator must be similarly situated to a plaintiff in "all material respects." *Lewis v. Union City, Georgia*, 918 F.3d 1213, 1218, 1224-29 (11th Cir. 2019). As the word "material" indicates, "a valid comparison [] turn[s] not on formal labels, but rather on substantive likenesses." *Id.* at 1228. Therefore, ordinarily, a proper comparator "ha[s] engaged in the same basic conduct (or misconduct) as the plaintiff"; "ha[s] been subject to the same employment policy, guideline, or rule as the plaintiff"; "ha[s] been under the jurisdiction of the same supervisor as the plaintiff"; and "share[s] the plaintiff's employment or disciplinary history." *Id.* at 1227-28. Moreover, a plaintiff must show the supervisor or other person who made the challenged employment decision had actual knowledge of a comparator's similar conduct (or misconduct) but did not similarly discipline the comparator. *Jones v. Gerwens*, 874 F.2d 1534, 1541 (11th Cir. 1989); *Summers v. City of Dothan, Alabama*, 444 F. App'x 346, 348 (11th Cir. 2011). Absent such knowledge, the proffered comparator is not a proper comparator, and the plaintiff cannot establish a

---

[4] The burden then shifts to the defendant to show a legitimate, non-discriminatory reason for its employment action. *Burke-Fowler*, 447 F.3d at 1323. If the defendant makes this showing, the burden shifts back to the plaintiff to prove the reason is pretext for unlawful discrimination. *Id.*

*prima facie* case of discrimination under the *McDonnell Douglas* framework. *Jones*, 874 F.2d at 1542; *Summers*, 444 F. App'x at 350.

Because the plaintiff in this case concedes he has no evidence the person who made the decision to terminate his employment (Beyer) knew of any misconduct by the only proffered comparator (Collins), he cannot support a critical element of his *prima facie* case under the *McDonnell Douglas* framework.[5]

## IV. Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (Doc. 22) is due to be granted, and this action is due to be dismissed with prejudice. A separate final judgment will be entered.

**DONE** this 22nd day of July, 2020.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

[5] Given the plaintiff's concession, the undersigned declines to address the defendant's alternative arguments (1) there were material differences between the plaintiff's conduct and Collins' conduct, (2) the plaintiff was not qualified for his position, and (3) there is no evidence of pretext.